12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark F. DURBIN, Plaintiff-Appellant,
v.
Colleen S. DURBIN; Larry Alan Lehmbecker; Harry Slusher,
Family Court Commissioner, Defendants-Appellees.
 No. 93-35426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 19, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark F. Durbin appeals pro se the district court's orders (1) dismissing his 42 U.S.C. Sec. 1983 civil rights claims against his ex-wife and her attorney; (2) dismissing Durbin's section 1983 claims against King County Superior Court Commissioner Harry Slusher; and (3) denying Durbin's motion for a preliminary injunction. We affirm.
 
 
 3
 Durbin's complaint alleged that a civil contempt order entered against him for violating a child support decree violates the Thirteenth Amendment and the Anti-Peonage Act. The district court correctly dismissed his action for failure to state a claim.[1]
 
 
 4
 First, the claims against Durbin's ex-wife and her attorney failed to state a claim because Durbin did not allege state action, or a governmental deprivation of a constitutional right. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 5
 Second, the district court properly dismissed Durbin's damage claims against Commissioner Slusher because the claims were barred by the doctrine of judicial immunity, see Mullis v. United States Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir.), appeal dismissed, cert. denied, 486 U.S. 1040 (1988). Durbin's claim for injunctive relief is barred by the Younger abstention doctrine, see World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987).
 
 
 6
 Finally, the district court properly denied Durbin's motion for a preliminary injunction because Durbin failed to show a fair likelihood of success on the merits. See Miller v. California Pac. Medical Ctr., 991 F.2d 536, 543 (9th Cir.1993). AFFIRMED.
 
 
 7
 The motion for leave to file brief of amicus curiae is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court entered two orders collectively dismissing all claims and all parties. Although the district court did not enter judgment on a separate document, this court has jurisdiction because the district court orders constitute a final judgment. See French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902, 905 & n. 2 (9th Cir.1986)